## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Erik A. Ahlgren, in his capacity as assignee in the assignment for the benefit of creditors of Ashby Farmers Co-Operative Elevator Company,<br><br>        Plaintiff,<br><br>v.<br><br>Jay Link and Link's Wild Safaris,<br><br>        Defendants. | Civil No. 19-00305 (JRT/LIB)<br><br><br>**ANSWER** |

Defendants Jay Link and Link's Wild Safaris (collectively, "Defendants") hereby respond to Plaintiff Erik A. Ahlgren, in his capacity as assignee in the assignment for the benefit of creditors of Ashby Farmers Co-Operative Elevator Company's ("Plaintiff's"), Complaint as follows:

Defendants deny each and every allegation contained in Plaintiff's Complaint except as hereinafter specifically admitted, qualified, or otherwise answered.

1.　　Defendants are without sufficient knowledge to admit or deny the allegations contained within Paragraph 1 of Plaintiff's Complaint.

2.　　As to Paragraph 2 of Plaintiff's Complaint, admit Jay Link resides in Wisconsin but deny that Jay Link, in his individual capacity, has an address of P.O. Box 210, Minong, Wisconsin 54859.

3.　　Admit the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.      Paragraph 4 of Plaintiff's Complaint contains legal assertions to which no response is required.   To the extent a response is required, Defendants are without sufficient knowledge to admit or deny the allegations contained within Paragraph 4 of Plaintiff's Complaint.

5.      Paragraph 5 of Plaintiff's Complaint contains legal assertions to which no response is required.   To the extent a response is required, Defendants are without sufficient knowledge to admit or deny the allegations contained within Paragraph 5 of Plaintiff's Complaint.

6.      Paragraph 6 of Plaintiff's Complaint contains legal assertions to which no response is required.   To the extent a response is required, Defendants are without sufficient knowledge to admit or deny the allegations contained within Paragraph 6 of Plaintiff's Complaint.

7.      Paragraph 7 of Plaintiff's Complaint contains legal assertions to which no response is required.   To the extent a response is required, Defendants are without sufficient knowledge to admit or deny the allegations contained within Paragraph 7 of Plaintiff's Complaint.

8.      Paragraph 8 of Plaintiff's Complaint contains legal assertions to which no response is required.   To the extent a response is required, Defendants are without sufficient knowledge to admit or deny the allegations contained within Paragraph 8 of Plaintiff's Complaint.

9.      Defendants are without sufficient knowledge to admit or deny the allegations contained within Paragraph 9 of Plaintiff's Complaint.

10.     Paragraph 10 of Plaintiff's Complaint contains legal assertions to which no response is required.   To the extent a response is required, Defendants are without sufficient knowledge to admit or deny the allegations contained within Paragraph 10 of Plaintiff's Complaint.

11.     Paragraph 11 of Plaintiff's Complaint contains legal assertions to which no response is required.   To the extent a response is required, Defendants are without sufficient knowledge to admit or deny the allegations contained within Paragraph 11 of Plaintiff's Complaint.

12.     Defendants are without sufficient knowledge to admit or deny the allegations contained within Paragraph 12 of Plaintiff's Complaint.

13.     Defendants are without sufficient knowledge to admit or deny the allegations contained within Paragraph 13 of Plaintiff's Complaint.

14.     Defendants are without sufficient knowledge to admit or deny the allegations contained within Paragraph 14 of Plaintiff's Complaint.

15.     Defendants are without sufficient knowledge to admit or deny the allegations contained within Paragraph 15 of Plaintiff's Complaint.

16.     Defendants are without sufficient knowledge to admit or deny the allegations contained within Paragraph 16 of Plaintiff's Complaint.

17.     The allegations contained in Paragraph 17 of Plaintiff's Complaint purport to characterize and summarize documents which are not attached to the complaint.  These documents, presumably, speak for themselves. Defendants admit that Mr. Hennessey wrote a number of checks to Defendants and affirmatively allege that the checks were in

exchange for bona fide products and services of Link's Wild Safaris.  Defendants are without sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.    The allegations contained in Paragraph 18 of Plaintiff's Complaint purport to characterize and summarize documents which are not attached to the complaint.  These documents, presumably, speak for themselves.   Defendants deny any allegations inconsistent with the documents referenced in Paragraph 18 of Plaintiff's Complaint.

19.    Defendants deny the allegations contained in paragraph 19 of Plaintiff's Complaint.

20.    Defendants admit they have attend Safari Club International shows in the United States and marketed their services at such shows. Defendants deny the remaining allegations in Paragraph 20 of Plaintiff's Complaint.

21.    Defendants admit they market their services to residents of the United States and that Link's Wild Safaris sent payment receipts to Mr. Hennessey at an address in Ashby, Minnesota. The last sentence in Paragraph 21 of Plaintiff's Complaint purports to characterize and summarize documents which are not attached to the complaint. These documents speak for themselves. Defendants deny all other allegations in Paragraph 21 of Plaintiff's Complaint.

22.    Defendants deny the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.    Defendants admit that Mr. Hennessey wrote a number of checks to Defendants and that Link's Wild Safaris provided bona fide products and services to Mr.

Hennessey.   Defendants deny the remaining allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.     Paragraph 26 of Plaintiff's Complaint contains legal assertions to which no response is required.   To the extent a response is required, Defendants are without sufficient knowledge to admit or deny the allegations contained within Paragraph 26 of Plaintiff's Complaint.

## COUNT I
## ACTUAL FRAUD
### Minn. Stat. §§ 513.44(a)(1) and 513.47

27.     Defendants incorporate the preceding responses of this Answer.

28.     Paragraph 28 of Plaintiff's Complaint contains legal assertions to which no response is required.   To the extent a response is required, Defendants are without sufficient knowledge to admit or deny the allegations contained within Paragraph 28 of Plaintiff's Complaint.

29.     Paragraph 29 of Plaintiff's Complaint contains legal assertions to which no response is required.   To the extent a response is required, Defendants are without sufficient knowledge to admit or deny the allegations contained within Paragraph 29 of Plaintiff's Complaint.

30.     Paragraph 30 of Plaintiff's Complaint contains legal assertions to which no response is required.   To the extent a response is required, Defendants are without sufficient knowledge to admit or deny the allegations contained within Paragraph 30 of Plaintiff's Complaint.

31.     Paragraph 31 of Plaintiff's Complaint contains legal assertions to which no response is required.   To the extent a response is required, Defendants are without sufficient knowledge to admit or deny the allegations contained within Paragraph 31 of Plaintiff's Complaint.

32.     Paragraph 32 of Plaintiff's Complaint contains legal assertions to which no response is required.   To the extent a response is required, Defendants are without sufficient knowledge to admit or deny the allegations contained within Paragraph 32 of Plaintiff's Complaint.

33.     Paragraph 33 of Plaintiff's Complaint contains legal assertions to which no response is required.   To the extent a response is required, Defendants are without sufficient knowledge to admit or deny the allegations contained within Paragraph 33 of Plaintiff's Complaint.

**COUNT II**
**CONSTRUCTIVE FRAUD**
**Minn. Stat. §§ 513.45(a) and 513.47**

34.     Defendants incorporate the preceding responses of this Answer

35.     Paragraph 35 of Plaintiff's Complaint contains legal assertions to which no response is required.   To the extent a response is required, Defendants are without

sufficient knowledge to admit or deny the allegations contained within Paragraph 35 of Plaintiff's Complaint.

36.   Defendants admit that Mr. Hennessey wrote a number of checks to Defendants and that Link's Wild Safaris provided bona fide products and services to Mr. Hennessey.   Defendants deny the remaining allegations contained in Paragraph 36 of Plaintiff's Complaint.

37.   Defendants admit that Mr. Hennessey wrote a number of checks to Defendants and that Link's Wild Safaris provided bona fide products and services to Mr. Hennessey.   Defendants deny the remaining allegations contained in Paragraph 37 of Plaintiff's Complaint.

38.   Paragraph 38 of Plaintiff's Complaint contains legal assertions to which no response is required.   To the extent a response is required, Defendants are without sufficient knowledge to admit or deny the allegations contained within Paragraph 38 of Plaintiff's Complaint.

39.   Paragraph 39 of Plaintiff's Complaint contains legal assertions to which no response is required.   To the extent a response is required, Defendants are without sufficient knowledge to admit or deny the allegations contained within Paragraph 39 of Plaintiff's Complaint.

40.   Paragraph 40 of Plaintiff's Complaint contains legal assertions to which no response is required.   To the extent a response is required, Defendants are without sufficient knowledge to admit or deny the allegations contained within Paragraph 40 of Plaintiff's Complaint.

## COUNT III
## UNJUST ENRICHMENT

41.     The Court dismissed Count III of Plaintiff's Complaint with prejudice. Accordingly, no response is required for Paragraphs 41-49 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

1.      Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.      Plaintiff's claims are barred by the doctrines of unclean hands, laches, waiver, and/or estoppel.

3.      Plaintiff's claims are barred by the applicable statute of limitations.

4.      Any transfers of money to Defendants from Mr. Hennessey were a result of good-faith, bona fide transactions.

5.      Mr. Hennessey and the Ashby Farmers Co-Operative Elevator Company received reasonably equivalent value in exchange for any monetary transfers.

6.      Plaintiff's claims are barred or diminished by its failure to mitigate its losses.

7.      Defendants' actions were justified and privileged and are thus not actionable.

8.      Defendants reasonably relied on Mr. Hennessey's apparent authority to bind the Ashby Farmers Co-Operative Elevator Company (the "Co-Op").  The Co-Op knew, or should have known, that Mr. Hennessey was acting with apparent authority, but did nothing to dissuade Defendants' reasonable belief in Mr. Hennessey's apparent authority.

9.      To the extent Defendants committed any wrongdoing, the Co-Op is *in pari delicto* for, *inter alia*, its failure to reasonably supervise its operations and allow fraud to be committed by Mr. Hennessey.

10.     Plaintiff's damages, if any, were caused by itself and/or third parties over which Defendants have no control.

11.     Defendants reserve the right to amend or supplement this Answer and Affirmative Defenses to assert and incorporate any and all other affirmative defenses, including those listed in Fed. R. Civ. P. 8(c), if facts are discovered that would make such defenses applicable.

**WHEREFORE**, Defendants pray for judgment against Plaintiff as follows:

1.      That Plaintiff takes nothing by way of the Complaint;

2.      That Plaintiff's Complaint be dismissed in its entirety, with prejudice, and on the merits;

3.      That the Defendants be awarded their costs of suit and expenses incurred herein;

4.      That the Defendants be awarded all such other and further relief as this Court deems just and equitable.

Dated:  August 20, 2019                    **BRIGGS AND MORGAN, P.A.**


By: *s/ Mark G. Schroeder*
    Jason R. Asmus (#0319405)
    Adam G. Chandler (#397408)
    Mark G. Schroeder (#171530)
2200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402-2157
Telephone:  (612) 977-8400
Fax:          (612) 977-8650
Email:        jasmus@briggs.com
          achandler@briggs.com
          mschroeder@briggs.com

**ATTORNEYS FOR DEFENDANTS**

12012173v1