UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Erik A. Ahlgren, in his capacity as
assignee in the assignment for the benefit
of creditors of Ashby Farmers Co-
Operative Elevator Company,

                Plaintiff,

v.

Jay Link and
Link's Wild Safaris,

                Defendants.

Civil No. 19-00305 (JRT/LIB)

## JOINT MEMORANDUM IN SUPPORT OF JOINT MOTION FOR CONTINUANCE OF TRIAL AND EXTENSION OF SCHEDULING ORDER DEADLINES

### INTRODUCTION

All parties to this case are jointly moving for a six month extension of the discovery deadline until December 15, 2020. The parties are also moving for an extension of the dispositive motion deadline and trial date. The dates in the Court's scheduling order were set before a number of related cases in each federal and state court had their own scheduling orders. The parties in this case and related cases desire to coordinate scheduling so that the discovery process (i.e. expert reports and depositions) are coordinated.

### STATEMENT OF RELEVANT PROCEDURAL AND SUBSTANTIVE FACTS

1.      In May, 2019, Erik A. Ahlgren, in his capacity as assignee in the assignment for the benefit of creditors of Ashby Farmers Co-Operative Elevator Company ("Plaintiff")

commenced this action against Jay Link and Link's Wild Safaris ("Defendants") seeking to avoid fraudulent transfers and for other relief. The case was removed to this Court in June of 2019.

2. There are four related cases pending in federal court:

*Erik A. Ahlgren, in his capacity as assignee in the assignment for the benefit of creditors of Ashby Farmers Co-Operative v. JP Morgan Chase Bank, N.A., d/b/a Chase Card Services*, Civil Action No. 0:19-cv-01576-PJS-LIB;

*Erik A. Ahlgren, in his capacity as assignee in the assignment for the benefit of creditors of Ashby Farmers Co-Operative v. Capital One Bank (USA), N.A. and Cabela's Incorporated,* Case No. 0:19-cv-01607-ECT-LIB;

*Erik A. Ahlgren, in his capacity as assignee in the assignment for the benefit of creditors of Ashby Farmers Co-Operative v. Jack Link, et al,* Civil No. 19-305 (JRT/LIB).

*Erik A. Ahlgren , in his capacity as assignee in the assignment for the benefit of creditors of Ashby Farmers Co-Operative v. Diederik Muller a/k/a Diekie Muller and DM Safaris, a/k/a Diekie Muller Hunting Safaris*, Civil No. 19-303 (JRT/LIB).

Further, a number of related cases remain pending in Grant County District Court (Minnesota).

3. Three cases were recently the subject of an Order denying a motion for dismissal by Judge Tunheim. Those cases will now proceed suddenly.

4. The parties desire to coordinate their schedule as discovery with other defendants for purposes of efficiency.

5. This Court filed a Pretrial Scheduling Order ("Scheduling Order") on October 24, 2019 setting deadlines in this case. *See* ECF No. 37.

6. The deadline for Plaintiff to issue an expert report is March 1, 2020.

7.      The parties wish to continue all deadlines so that discovery can be coordinated across all cases.

8.      In the related case of *Ahlgren v. First Nat'l Bank of Omaha*, Civil No. 19-1647, the parties filed a similar Joint Motion to Modify the Pretrial Scheduling Order. *See* ECF No. 18. In response, this Court entered an Amended Pretrial Scheduling Order. *See* ECF No. 22.

## **ARGUMENT**

### I.  LAW GOVERNING MODIFICATION OF SCHEDULING ORDERS AND DISCOVERY DEADLINES.

Under Rule 16(b), a court's scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge, or when authorized by local rule, by a magistrate judge." *Luigino's, Inc. v. Pezrow Companies, Inc.*, 178 F. R.D. 523, 525 (D. Minn. 1998) *citing* Fed. R. Civ. P. 16(b)(4) *see also* LR 6.1(a)(stating that a party seeking a continuance must show good cause).  A motion to modify a scheduling order, even where it is uncontested or stipulated, must be filed within the deadlines set out in LR 7.1(b) governing the requirements of dispositive motions.  LR 16.3(a).

While diligence is the central factor to consider when determining good cause, courts have broad discretion in establishing and enforcing deadlines. *Shank v. Carleton College*, 329 F.R.D. 610, 614 (D. Minn. 2019)(citing *Harris v. FedEX Nat'l LTL, Inc.*, 760 F.3d 780, 786 (8th Cir. 2014)).  In reviewing motions for continuance, courts must engage in "case by case" inquiries considering all the circumstances. *United States v. Mitchell*, 777 F.2d 248, 255 (5th Cir. 1985).  Factors that may be considered by a court on a motion

for continuance include the diligence of the movant, the utility of the continuance, inconvenience to the court and other parties, and the harm that the movant will suffer is the motion is denied. *United States v. Flynt*, 756 F.2d 1352, 1359 (9th Cir.), *amended*, 764 F.2d 675 (9th Cir. 1985). Courts may also consider factors such as the complexity of the case, *United States v. Gallo*, 763 F.2d 1504, 1524 (6th Cir. 1985), and the existence of previous continuances, *United States v. Studley*, 783 F.2d 934, 938-39 (9th Cir. 1986) (denial of continuances to obtain licensed counsel not abuse of discretion when previous continuance granted for same purpose).

Under Minnesota local rules, the modification of a scheduling order requires: 1) the establishment of good cause for the proposed modification; and 2) an explanation of how the modification will affect current deadlines. LR 16.3(b). If the proposed modification affects discovery, the scheduling order it must:

(1) Describe what discovery remains to be completed;

(2) Describe the discovery that has been completed;

(3) Explain why not all discovery has been completed; and

(4) State how long it will take to complete discovery.

LR 16.3(c).

12431015v2

**II.   MODIFICATION OF THE SCHEDULING ORDER TO EXTEND DEADLINES FOR DISCOVERY, DISPOSITIVE MOTIONS, AND THE TRIAL READY DATE.**

   **A.   Good cause exists to amend the Scheduling Order.**

The temporal relationship to this case of associated cases has changed, making scheduling under the original deadlines more challenging.  Plaintiff's expert could be deposed a number of times, is one example, whereas coordination of the cases could, and hopefully will, avoid that result.

   **B.   The effect of the modification of the Scheduling Order on current deadlines.**

Modifying the scheduling order as requested will affect the current deadlines for dispositive motions and the trial ready date, as well as the discovery deadlines.  The parties are requesting that deadlines be extended by at least six months to coordinate scheduling with other cases.

**III.   THE FACTORS CONSIDERED WHEN MODIFYING A SCHEDULING ORDER TO EXTEND THE DISCOVERY DEADLINES**

   **A.   The following discovery remains to be completed.**

Expert disclosures and reports under Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure must be completed by Plaintiff and Defendant and depositions of experts and parties need to be taken.

   **B.   The following discovery has occurred.**

The parties have filed Rule 26(a)(1) disclosures and exchanged written discovery.

### C. The reasons why not all discovery has been completed.

Any discovery not completed is because it was not yet due.  Expert reports are due immediately and parties agree that they would rather delay this exercise and coordinate expert discovery with all cases.

### D. Length of time to complete discovery.

The undersigned parties believe that the aforementioned discovery could be completed in six months.

## CONCLUSION

For the foregoing reasons, the parties jointly respectfully request that the Court modify the Scheduling Order by extending the discovery deadlines, dispositive motion date, and trial date.

Respectfully submitted,

Dated:  March 6, 2020              **AHLGREN LAW OFFICE, PLLC**

By: */s/ Erik A. Ahlgren*
     Erik A. Ahlgren (#191814)
     220 W Washington Ave Ste 105
     Fergus Falls, MN  56537
     Tel:  218-998-2775
     Fax: 218-998-6404
     Email: erik@ahlgrenlaw.net

**ATTORNEYS FOR
ERIK A. AHLGREN, ASSIGNEE**

CASE 0:19-cv-00305-JRT-LIB   Document 41   Filed 03/06/20   Page 7 of 7

-7-

Dated:  March 6, 2020

**TAFT STETTINIUS & HOLLISTER LLP[1]**

By: */s/ Mark G. Schroeder*
    Jason R. Asmus (#319405)
    Adam G. Chandler (#397408)
    Mark G. Schroeder (#171530)
2200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota  55402-2157
(612) 977-8400
jasmus@taftlaw.com
achandler@taftlaw.com
mschroeder@taftlaw.com

**ATTORNEYS FOR DEFENDANTS**

---

[1] Effective January 1, 2020, Briggs and Morgan, P.A. merged with Taft Stettinius & Hollister LLP.  The combined firm name is Taft Stettinius & Hollister LLP.

12431015v2